UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL MARTINEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TOM FELKER, Warden,<br><br>　　　　　Respondent. | ) NO. CV 04-2960-MMM (MAN)<br>)<br>) ORDER ADOPTING FINDINGS,<br>)<br>) CONCLUSIONS, AND RECOMMENDATIONS OF<br>)<br>) UNITED STATES MAGISTRATE JUDGE<br>)<br>)<br>)<br>) |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all of the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), and Respondent's Objections. The Court has conduced a *de novo* review of those matters to which objections have been stated in writing.

　　　As respects Respondent's position that the ineffective assistance claim based on counsel's failure properly to advise petitioner respecting the pretrial plea offer is unexhausted, the court agrees with Judge Nagle that the "shift[ ] [in] the focus" of petitioner's claim at the evidentiary hearing did not "'fundamentally alter the legal claim

1  already considered by the state courts.'" Chacon v. Wood, 36 F.3d 1459,
2  1468 (9th Cir. 1994). As in Weaver v. Thompson, 197 F.3d 359 (9th Cir.
3  1999), the factual basis for petitioner's claim has at all times been
4  the advice, or lack thereof, that trial counsel provided with respect
5  to the state's pretrial plea offer. See id. at 364-65 (concluding that
6  a claim based a "bailiff's contact with the jury after it sent out its
7  note" was not unexhausted because the factual predicate for the claim
8  changed from an allegation that the bailiff instructed the jury to keep
9  deliberating, to an allegation that he instructed jurors that a verdict
10 was required on all counts). Moreover, as Judge Nagle noted, petitioner
11 submitted a declaration to the state courts that specifically raised the
12 fact that he did not understand "the difference between a parole
13 eligible life sentence and a life sentence without possibility of
14 parole." The court thus concludes that the claim was "fairly presented"
15 to the state courts.

16      The court also agrees with Judge Nagle that counsel's advice to
17 petitioner that there was no functional difference between a sentence
18 of life without the possibility of parole and a parole-eligible life
19 sentence was grossly erroneous. As the Ninth Circuit noted in Villegas
20 v. Yearwood, 131 Fed. Appx. 93 (9th Cir. Apr. 22, 2005) (Unpub. Disp.),
21 there is a "significant difference between a *possible* sentence of life
22 without parole, and a *mandatory* sentence of life without parole." Id.
23 at 95 ("Even had the state court applied the correct law, its decision
24 was based on an unreasonable determination of the facts when it failed
25 to take account of the undisputed fact that Villegas did not know that
26 he was facing a mandatory life without parole sentence. The court
27 concluded that Villegas was not prejudiced because he 'knew ... life
28 without the possibility of parole to be a possibility' ; it did not

2

1  independently consider that Villegas did not know that if he was
2  convicted life without parole was the only possibility").

3      Finally, the court agrees with Judge Nagle that petitioner was
4  prejudiced by the erroneous advice.  The standard governing prejudice
5  is whether there is a "reasonable probability" that petitioner would
6  have accepted the plea offer if he had been properly advised.
7  Respondent argues that "it is highly unlikely that Petitioner would have
8  been motivated to accept an offer that would have required him to spend
9  at least twenty years of his life in prison with an expectation that he
10 might never get released."  To the contrary, the court finds it
11 reasonably probable that, weighed against the prospect that he would
12 *never* get released, this offer would have been attractive to petitioner.
13 Indeed, he so testified at the evidentiary hearing.  Respondent argues
14 that petitioner has proclaimed his innocence, and that this cuts against
15 any finding that he would have entered a guilty plea had he been
16 properly advised. Respondent refers to petitioner's statement at the
17 sentencing hearing that "[h]opefully some day the truth will come out."
18 As Judge Nagle noted in her order, however, petitioner testified at the
19 evidentiary hearing that he was referring to the fact that Robert
20 Martinez hid the murder weapon in their shared bedroom, not him.
21 Petitioner's statement, therefore, was not necessarily a proclamation
22 of actual innocence; rather, it was a statement – appropriate for
23 sentencing – that addressed his overall level of culpability vis-á-vis
24 others.  Similarly, petitioner's statement in his declaration that he
25 "didn't know what [Lopez] was going to do" is consistent with
26 petitioner's assertion that he knew Lopez intended to rob the Denny's
27 but did not know that he intended to shoot anyone.
28     The court notes that Respondent has raised once again an assertion

1  that the Petition is untimely and that reconsideration of an earlier
2  ruling that petitioner was entitled to equitable tolling is warranted
3  based on "recently uncovered evidence." Judge Nagle denied the motion
4  for reconsideration on November 5, 2008, because Respondent could have
5  discovered the evidence it now presents at the time the motion to
6  dismiss was originally heard more than three years ago. The court
7  concurs.

8  Having completed its review, the Court accepts and adopts the
9  Magistrate Judge's Report and the findings of fact, conclusions of law,
10 and recommendations therein.

12  IT IS ORDERED that: (1) the Petition is DENIED with respect to
13 Ground Two; (2) the Petition is GRANTED based on Ground One and a
14 conditional writ of habeas corpus shall issue as follows: Respondent
15 shall discharge Petitioner from custody and all adverse consequences of
16 his conviction in Los Angeles Superior Court Case No. LA023268, unless
17 the State of California reinstates its former plea offer, namely, a
18 sentence of 25 years to life, within ninety (90) days of the date the
19 Judgment herein becomes final, plus any additional delay authorized
20 under state law; and (3) Judgment shall be entered dismissing this
21 action with prejudice.

22  IT IS FURTHER ORDERED that the Clerk serve copies of this Order and
23 the Judgment herein on counsel for Petitioner and counsel for
24 Respondent.

26 DATED:    February 13, 2009 .

       /s/ Margaret M. Morrow
       MARGARET M. MORROW
       UNITED STATES DISTRICT JUDGE

4